Thomas H. DOYLE, d/b/a BDN

v.

ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY, INC.

Civ. No. H–83–871 (PCD).

United States District Court,
D. Connecticut.

April 12, 1984.

Hubert J. Santos, Christopher F. Droney, Hartford, Conn., for plaintiff.

Frank A. May, Glastonbury, Conn., for defendant.

RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiff, Thomas H. Doyle, a Connecticut citizen, was engaged in the purchase and marketing of automobile spare parts under the name of BDN. Defendant, St. Paul Fire & Marine Insurance Company, Inc., is a Minnesota corporation licensed to insure personal property against theft in Connecticut.

Plaintiff claims that on November 7, 1982, auto parts at 465 South Main Street,

Cheshire, Connecticut, covered by a policy of insurance issued by defendant and then in effect, were stolen from the insured premises. The claimed approximate value of the stolen auto parts was $816,151.20.

Plaintiff claims that defendant is liable for the value of these parts as an obligation created by the policy. Defendant has refused to pay. Plaintiff alleges:

(a) that defendant has breached its contract (First Count);

(b) that defendant has breached its duty of good faith and fair dealing (Second Count);

(c) that the defendant has committed unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. §§ 42–110a, *et seq.* (Third Count);

(d) that the actions of the defendant constituted unfair and deceptive acts or practices in the business of insurance in violation of Conn.Gen.Stat. §§ 38–60, *et seq.* (Fourth Count).

Defendant has moved to dismiss the Second, Third and Fourth Counts for failure to state claims upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

### I.

In the Second Count, plaintiff alleges that defendant breached its duty of good faith and fair dealing in failing to make payment for plaintiff's losses when defendant knew that plaintiff was entitled to payment and in not attempting, in good faith, to effectuate an equitable settlement of the plaintiff's claim. See *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, p. 575, 108 Cal.Rptr. 480, p. 486, 510 P.2d 1032, p. 1038, wherein the California Supreme Court held:

It is manifest that a common legal principle underlies all of the foregoing decisions; namely, that in every insurance contract there is an implied covenant of good faith and fair dealing. The duty to so act is imminent in the contract whether the company is attending to the claims of third persons against the insured or the claims of the insured itself. Accord-

ingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort. *Grand Sheet Metal Products Co. v. Protection Mut. Ins. Co.*, 34 Conn.Sup. 46, 375 A.2d 428–29 (Conn.Super.1977).

The Connecticut Supreme Court has not ruled on this issue, thus this court is free "... to consider all the data the highest court of the state would use to determine how the highest court of the state would decide." Wright, *Law of Federal Courts* (4th ed. 1983), at 373 (footnote omitted). The majority of Connecticut superior court decisions which have addressed this issue have followed *Grand Sheet Metal Products* in holding "... that in every contract of insurance the duty 'to act in good faith and fairly in handling the claims of an insured, namely a duty not to withhold unreasonably payments due under a policy' was necessarily implied." 375 A.2d at 430. See *Cote v. INA*, 9 CLT No. 5, p. 10 at 12 (Jan. 31, 1983); *Cindeb Corp. v. Covenant Ins. Co.*, 7 CLT No. 7, p. 15 at 16 (Feb. 16, 1981); *Karp v. Covenant Ins. Co.*, 5 CLT No. 49, p. 17 at 18 (Dec. 3, 1979); *Michaels v. Hartford A & I Co.*, 6 CLT No. 38, p. 14 at 15 (Sept. 22, 1980); *VonRoenn, Jr. v. Covenant Group*, 7 CLT No. 6, p. 17 at 18 (Feb. 9, 1981).

An insured has been held to have a valid cause of action in the failure of an insurer to pay sums due as obligations of the contract, which includes the duty "... to act in good faith and make a fair effort to carry out the provisions [of the policy] and accomplish their object. *Bernhard v. Rochester German Ins. Co.*, [79 Conn. 388], 395 [65 A. 134] [(1906)]. See also Restatement (Second) of Contracts (Tent. Drafts No. 1–7) § 231 and Comments." *Cindeb*, 7 CLT No. 7 at 17. This tort action permits recovery beyond the measure of damages for breach of contract. Connecticut has long recognized that conduct of a contracting party, apart from breaking contract obligations, might be deemed to be tortious (negligent). *Dean v. Hershowitz*, 119 Conn. 398, 177 A. 262

(1935). Thus, it is not out of keeping for Hull, J., to have assumed the duty "to forge new paths if based on convincing legal theory." *Grand Sheet Metal Products*, 375 A.2d at 429. His reasoned analysis, followed by the several decisions at the trial level, suggest the probability that Connecticut's appellate courts will recognize a cause of action in tort for breach of the covenant.

It is true that the Connecticut Supreme Court has not addressed the issue. However, in view of the well-reasoned opinions of the Superior Court cases on the question, there is nothing to suggest that the Connecticut's highest state court would decide otherwise. See, e.g., *Bartolotta v. Liberty Mut. Ins. Co.*, 411 F.2d 115, 118 (2d Cir.1969).

*National Semiconductor Corp. v. Allendale Mut. Ins. Co.*, 549 F.Supp. 1195, 1200 n. 1 (D.Conn.1982).

Defendant's motion to dismiss the Second Count on the ground that this tort is not recognized in Connecticut is denied.

■ Defendant further argues that, even if this tort is recognized, the plaintiff has not alleged any conduct of the defendant which would entitle him to recover. This argument is unfounded. A complaint "... should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2A Moore's § 12.08, at 2271–2274 (2d ed. 1984) (footnote omitted). There is no certainty that plaintiff will not prove a set of facts entitling him to relief under the Second Count.

## II.

Defendant also seeks dismissal of the Third Count, which alleges violation of Connecticut Unfair Trade Practices Act (CUTPA), Conn.Gen.Stat. §§ 42–110a, *et seq.*, on the ground that CUTPA was not intended to apply to the business of insurance.

■ CUTPA broadly defines "trade or commerce" and expressly covers the distribution of services and property whether tangible or intangible. § 42–110a. The purpose of CUTPA is remedial and thus the statute must be liberally construed. See *Hinchliffe v. American Motors Corp.*, 184 Conn. 607, 440 A.2d 810 (1981); *Murphy v. McNamara*, 36 Conn.Sup. 183, 416 A.2d 170 (1979). "CUTPA applies to the conduct of insurance companies." *Scheer v. Chubb & Son, Inc.*, Civil No. N–82–397 (D.Conn. Dec. 14, 1982 (Burns, J.), 9 CLT No. 17, p. 13 (Apr. 25, 1983). Judge Burns, in part, relied on the fact that " 'at least three Connecticut cases have held that CUTPA's prohibition of unfair trade practices extends to the practices of the insurance industry, even though other statutes, also, regulate the industry.' See *Cindeb*, 7 CLT No. 7, 17 (Feb. 16, 1981); *Stone v. Government Employees Insurance Co.*, No. 41950, Judicial District of Stamford, May 21, 1980); *But see, contra, Prezioso v. Covenant Corp.*, No. 275164, Judicial District of Danbury, Nov. 12, 1980." *Scheer*, 9 CLT No. 17 at 15. The sound reasoning of *Scheer* suggests that CUTPA is applicable to the conduct of insurance companies. Defendant's motion to dismiss the Third Count is denied.

## III.

Defendant also seeks dismissal of the Fourth Count which alleges that defendant's refusals to honor plaintiff's claim were unfair and deceptive acts or practices under the Connecticut Unfair Insurance Practices Act, Conn.Gen.Stat. §§ 38–60, *et seq.* Defendant argues that a violation of Conn.Gen.Stat. § 38–61(6) may only be based on proscribed acts committed "with such frequency as to indicate a general business practice ..." and plaintiff has not so alleged.

No Connecticut decision has addressed this section of the Connecticut Unfair Insurance Practices Act.

'Where a state statute has never been construed, necessarily the federal court must exercise its independent judgment as to what the statute means, guided by analogous decisions, if any, and the court's own reasoning as to the intended

public policy.' (1A Moore's Federal Practice, ¶ 0.–309[2], p. 3327, 2d ed. 1961);

. . .

*Masterson v. Atherton,* 223 F.Supp. 407, 410 (D.Conn.1963).

In *Griswold v. Union Labor Life Ins. Co.,* 186 Conn. 507, 442 A.2d 920, 926 (1982), the Connecticut Supreme Court held that an individual was "entitled to maintain a private right of action for monetary damages for alleged unfair trade practices, as defined by § 38–61 [Connecticut's Unfair Insurance Practices Act] . . . ." It would be inconsistent with *Griswold* to bar a private cause of action absent an allegation of such frequent conduct whereby a general business practice is established under § 38–61(6). A private cause of action is a means for redress of the wrong done to the individual. Proof of a general course of conduct goes beyond the wrong done to an individual. As *Griswold* has sanctioned the right of an individual to seek redress for a private wrong, it could hardly have contemplated the need of the individual to prove, beyond the wrong done to him or her, a general wrongful course of conduct. The private right of action recognized in *Griswold* sanctions, under § 38–61, the claim of unfair insurance practices such as the plaintiff has here alleged. The motion to dismiss the Fourth Count is denied.

### Conclusion

"A motion to dismiss may be granted only in unusual cases. In passing on the motion, this court must construe the allegations of the complaint in a light most favorable to the pleader. See *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)." *Scheer,* 9 CLT No. 17 at 14. Accordingly, defendant's motion to dismiss the Second, Third and Fourth Counts of plaintiff's complaint is denied.

SO ORDERED.