ed by the Government but disagrees with its analysis.

One of the primary objectives of the Customs Court Act of 1980, Pub.L. No. 96-417, 94 Stat. 1727 (codified in scattered sections of 19, 28 U.S.C.) (hereinafter cited as the Act), was to resolve conflicts and confusion arising from the division of jurisdiction between the Customs Court and the United States District Courts. Recent Developments, *International Trade: United States Court of International Trade—Customs Courts Act of 1980*, 22 Harv.Int'l. L.J. 480 (1981). The Act renamed the Customs Court the Court of International Trade, 28 U.S.C. § 251 (1982), and provided the new court with exclusive jurisdiction over any civil action against the United States arising out of the federal statutes governing import transactions. 28 U.S.C. § 1581 (1982). Specifically, the Act grants the Court of International Trade exclusive jurisdiction over disputes which deal with the classification of imported merchandise. 28 U.S.C. § 1581(a). *See generally*, Re, *Litigation Before the United States Court of International Trade*, 26 N.Y.L.Sch.L. Rev. 437, 444 (1981). In addition, the Court of International Trade is given exclusive jurisdiction to fashion equitable relief in appropriate circumstances. 28 U.S.C. § 1581(i).

Here, plaintiff disputes the classification of imported clothing. Thus, under § 1581(a) or § 1581(i) the Court of International Trade has exclusive jurisdiction over this action. *See, Lowa, Ltd. v. United States*, 561 F.Supp. 441, 447 (C.I.T.1983) (Re, J.); *Wear Me Apparel Corp. v. United States*, 511 F.Supp. 814 (C.I.T.1981).[2] Accordingly, plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.

Edward **BURNS**

v.

**PRESTON TRUCKING COMPANY, INC.**

**Civ. No. H-84-1298 (PCD).**

United States District Court, D. Connecticut.

Oct. 31, 1985.
As Amended Feb. 24, 1986.

---

2. Modern authority holds the view that § 1355 extends only to suits by a public officer to recover a sum of money that will be paid into the public treasury. *See*, 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3578 (1984). The Customs Court Act amended § 1355 and excluded from it matters within the jurisdiction of the Court of International Trade under § 1582, which, of course, pertains to suits brought by the United States. This new scheme provides jurisdiction for all cases brought by the United States to recover penalties —§ 1582 for customs matters, § 1355 for all other matters. The symmetry of this scheme reinforces the view that § 1355 does not grant jurisdiction to private litigants for recovery of money. However, since this Court finds exclusive jurisdiction over this action lies with the Court of International Trade, this Court need not determine the reach of 28 U.S.C. § 1355.

David E. Kamins, Hartford, Conn., for plaintiff.

Peter A. Janus and Gregory J. Garner, Siegel, O'Connor & Kainen, Hartford, Conn., for defendant.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

*Facts*

For the purposes of deciding this motion, the allegations in the complaint are taken as true. *Cooper v. Pale*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); *Fine v. City of New York*, 529 F.2d 70, 75 (2d Cir.1975). Plaintiff, Edward Burns ("Burns"), alleges that, while employed at Yellow Freight Systems in East Hartford, Connecticut, representatives of defendant, Preston Trucking Company, Inc. ("Preston"), actively recruited him to take a similar position with Preston. He relied on Preston's representations concerning promotion and pension possibilities and future employment in taking a position with Preston on or about July 9, 1979. He performed well until he was terminated on or about May 22, 1984. Immediately prior to his termination, defendant demanded that he admit to defendant's employees unspecified errors which he would correct. When plaintiff refused, he was fired. Preston assigned as a cause for terminating plaintiff his inability to follow instructions, his style of management which was incompatible with defendant's management style, and his failure to follow instructions communicated to him in a counseling session conducted on May 17, 1984. These reasons were included in plaintiff's permanent personnel record.

Plaintiff claims unjust termination, breach of a covenant to report accurately as to his termination, and that defendant defamed him in response to inquiries by prospective employers of plaintiff. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. The claims raised are governed by the substantive law of Connecticut, *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including the state's choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Applying the substantive law of the state in which allegedly tortious acts occurred, and the substantive law of the state in which the contract had its operative effect, Connecticut law controls. *Whitfield v. Empire Mut. Ins. Co.*, 167 Conn. 499, 506, 356 A.2d 139 (1975); *Leone v. Burns Internat'l Security Serv., Inc.*, Civil No. B-84-19(PCD) (D.Conn. Jan. 2, 1985) (Ruling on Motion to Dismiss). Defendant has moved to dismiss Counts One, Two and Four under Fed.R.Civ.P. 12(b)(6)

for failure to state a claim upon which relief can be granted.

*Discussion*

In passing on the motion, this court must construe the allegations of the complaint in a light most favorable to the pleader. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Scheer v. Chubb & Sons, Inc.,* Civil No. N–82–397(EBB) (D.Conn. Dec. 14, 1982), 9 CLT No. 17, p. 13 (Apr. 25, 1983); *Doyle v. St. Paul Fire & Marine Ins. Co.,* 583 F.Supp. 554 (D.Conn.1984). The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Williams v. Vincent,* 508 F.2d 541 (2d Cir. 1974). "The issue is not whether Plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims." *Scheuer,* 416 U.S. at 236; *Halpern v. City of New Haven,* 489 F.Supp. 841, 842–43 (D.Conn.1980). The court should not consider matters outside the pleadings but examines the complaint in isolation to determine whether it states a claim. *Bowman v. Grolsche Bierbrouwerij B.V.,* 474 F.Supp. 725, 728 (D.Conn.1979).

Although plaintiff, in his memorandum, claims that Count One merely alleges a breach of an implied agreement that he would not be fired without just cause, Count One alleges breach of an implied or express agreement requiring just cause and also intentional torts of unjust termination and intentional infliction of emotional distress. Count Two claims a breach of an implied covenant to report accurately on any firing of plaintiff to prospective employers. Count Four alleges a tortious wrongful discharge in violation of public policy. Each of the claims will be considered separately.

## Count One

Plaintiff first claims a breach of an implied or express agreement that plaintiff would be terminated only for just cause. An employee hired for an indefinite term is dischargeable at the will of his employer, with or without cause. *Fisher v. Jackson,*

142 Conn. 734, 118 A.2d 316 (1955); *Somers v. Cooley Chevrolet,* 146 Conn. 627, 153 A.2d 426 (1959); *Cook v. Alexander & Alexander,* 40 Conn.Sup. 246, 488 A.2d 1295 (1985), 11 CLT No. 30, p. 12 (July 29, 1985). Plaintiff claims that "the circumstances surrounding or involved with the plaintiff's hiring by the defendant and their policy with respect to treatment of employees and job security created an implied or express agreement between the plaintiff and the defendant that in consideration for the plaintiff's loyal and continued good service to the defendant, the defendant would not fire the plaintiff without justifiable cause." Complaint at 3. The question, therefore, is whether Connecticut recognizes such an express or implied agreement in the context of an employment-at-will.

Although employment contracts are not exempted from the general requirement of good faith in contractual relationships, that requirement will not turn an employment contract terminable at will into one requiring just cause for termination. *Magnan v. Anaconda Indus., Inc.,* 193 Conn. 558, 569, 479 A.2d 781 (1984). However, *Magnan* left open the question of whether such contractual terms would be found in the circumstances of particular employment relationships, including an employee relations manual. *Id.* at 564, 479 A.2d 781. In *Bilbao v. Wyatt, Inc.,* No. 207324 (Super.Ct. June 6, 1983), 9 CLT No. 45, p. 14 (Nov. 7, 1983), the Connecticut Superior Court held that representations made in an employee handbook could be infused into the employment contract. "While an employer need not establish personnel policies and practices, where an employer chooses to establish such policies and practices and makes them known to its employees, it commits itself to discharge employees in compliance with those procedures." *Id.* at 15. "[I]n appropriate circumstances the law of our state permits a fact finder to find from all the evidence, including an employer's personnel policies and procedures manual, that a contract of employment existed which limited the employer's right to discharge an otherwise at will em-

ployee." *Finley v. Aetna Life & Cas.*, 5 Conn.App. 394, 406 (1985). If the employer's manual constituted an offer communicated by dissemination to the employee, acceptance and continuation of employment may constitute acceptance of the offer. By accepting and remaining on the job, although free to leave, the employee may have supplied the necessary consideration. *Id.* at 410.

The language in *Finley*, at 406, implies that other circumstances may permit a finding of a restriction on the right to discharge an otherwise at will employee. *Lincoln v. Sterling Drug, Inc.*, Civil No. H–85–109(MJB) (D.Conn. Sept. 10, 1985) (Ruling on Motion to Dismiss). This complaint, construed most favorably to plaintiff, presents a colorable claim of an express or implied agreement requiring just cause for termination. Plaintiff is entitled to an opportunity to prove the claim. The motion to dismiss is denied as to the claim of an express or implied contract which requires just cause before plaintiff may be terminated.

■ The tort claim of wrongful termination in the first count is essentially the same as stated in Count Four, which, however, is expressly based on a claim of a violation of public policy. A narrow limitation was imposed on the otherwise unlimited employer discretion by recognition of a limited tort of wrongful discharge in Connecticut. *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 427 A.2d 385 (1980). There, an employee allegedly fired for reporting violations of the Connecticut Uniform Food, Drug and Cosmetic Act was entitled to challenge his discharge. The court "carved out the narrow exception to the general rule that contracts for indefinite term of employment are terminable at will." *Glassover v. Audiotron Co., Inc.*, No. CV 83–0067383–S (Super.Ct. Jan. 26, 1984), 10 CLT No. 20, p. 17 (May 14, 1984). "A cause of action exists in certain limited and narrow factual settings for employees who have had their employment terminated in retaliation for their insistence that their employers commit no acts in contravention of statutory law or clear mandate of public policy." *Santanella v. SNET Co.*, No. 265398 (Super.Ct. Jan. 17, 1984), 10 CLT No. 20, p. 11 (May 14, 1984). In *Magnan*, the Connecticut Supreme Court refused to enlarge the circumstances under which an at will employee may successfully challenge his dismissal beyond the situation where the discharge violates an important public policy, whether the claim is framed in contract or in tort. Clearly, Connecticut has sought to preclude employer action which would vitiate execution of a public policy.

No violation of a statute nor of a clear mandate of public policy is alleged in Count One as the basis for plaintiff's allegedly wrongful discharge. As the mere allegation of a discharge, wrongful for want of just cause, is not a ground for a cause of action in Connecticut, this aspect of Count One is dismissed.

■ The final claim in Count One of intentional infliction of emotional distress, resulting from defendant's termination of plaintiff, is dismissed. Plaintiff has failed to allege all of the elements of the tort of intentional infliction of emotional distress. Specifically missing are allegations of (1) an extreme and outrageous conduct which (2) intentionally or recklessly causes (3) severe emotional distress to another. *Hiers v. Cohen*, 31 Conn.Sup. 305, 307, 329 A.2d 609 (1973). This claim is, therefore, dismissed.

### Count Two

■ Count Two alleges a prospective breach of an implied covenant of good faith which would require defendant to report accurately on the firing of plaintiff. Both parties cite *Magnan* in defense of their positions. While *Magnan* applied the general contract element of implied good faith to employment contracts, such an abstract concept was not held to unduly restrict an employer's discretion in managing his/her work force. "A breach of such an implied

covenant cannot be predicated simply upon the absence of good cause for a discharge." *Magnan* 479 A.2d at 788.

Plaintiff urges recognition of an implied covenant of fair dealing after his termination without authority other than *Magnan.* Such a right is clearly beyond the province of the limited cause of action created in *Magnan.* More than the lack of good cause must be alleged to state a claim. Plaintiff would add to the contract, by implication, a term to take effect after the contract was concluded. "While a federal court must be sensitive to the doctrinal trends of the jurisdiction whose law it applies, it is beyond the authority of a federal court in such circumstances to create entirely new causes of action." *Wolk v. Saks Fifth Ave., Inc.,* 728 F.2d 221, 223 (3rd Cir.1984). Thus, this count must also be dismissed as it has no basis in Connecticut law. Plaintiff may have other means of redress if defendant actually reports falsely, for example. Such a factual situation is not alleged here.

#### Count Four

Although plaintiff alleges a violation of public policy in Count Four, there is no allegation of a violation of a particular statute nor of a clear mandate of a specific public policy as required in *Sheets* and subsequent cases. Thus, Count Four is dismissed.

*Conclusion*

The allegations in the second and third parts of Count One, Count Two and Count Four do not demonstrate any set of facts on which plaintiff could recover under such claims. The claim in the first part of Count One, the alleged breach of an express or implied agreement to terminate only for just cause, is sufficient under Connecticut law. Thus, the motion to dismiss as that claim in Count One is denied. As to all other claims in Count One and Counts Two and Four, the motion to dismiss is granted.

SO ORDERED.