Loren J. ANDREO, et al.

v.

FRIEDLANDER, GAINES, COHEN, RO-
SENTHAL & ROSENBERG, et al.

Civ. No. H–85–551 (MJB).

United States District Court,
D. Connecticut.

Dec. 23, 1986.

Howard Rosenfield, Plainville, Conn., for plaintiffs.

Dennis M. Laccavole and Arnold Bai, Bridgeport, Conn., Deborah S. Freeman, Joseph F. Skelley, Jr., Joel J. Rottner and Carl F. Yeich, Skelley, Clifford, Vinkels, Williams & Rottner, P.C., Sharon Tisher, John B. Nolan, Robert A. Brooks, Day, Berry & Howard, Hartford, Conn., John A. Redmon and Robert B. Murray, Davis Markel Dwyer & Edwards, New York City, Warren Kaps, Hackensack, N.J., for defendants.

## RULING ON MOTION TO DISMISS

BLUMENFELD, Senior District Judge.

This case arises out of transactions relating to the private placement of various limited partnership interests in satellite communications facilities. There are 67 plaintiffs who purchased interests in one or more of three limited partnerships. The defendants, who were involved in the transactions in various different ways, are a law firm, two public accounting firms, a lawyer/promoter, two named corporations, and unknown defendants designated as "John Does 1–25" and "XYZ Corporations 1–25." The plaintiffs claim that the defendants were part of a scheme to defraud them, violating the federal securities laws, 15 U.S.C. §§ 77*l*, 77q, and 78j, the federal racketeering statute (RICO), 18 U.S.C. §§ 1961 *et seq.*, and state statutes and common law.

Defendants Peat, Marwick & Mitchell ("Peat Marwick") and Zarrow, Zarrow & Klein moved to dismiss the original complaint on a variety of grounds. In a ruling dated April 28, 1986, this court granted that motion and gave plaintiffs leave to amend the complaint within 30 days. On May 28, 1986, plaintiff filed an amended complaint.

Subsequent to the amended complaint, on June 30, 1986, Peat Marwick again moved to dismiss on a variety of grounds including failure to plead fraud with the amount of particularity required by Rule 9(b), lack of a private right of action under section

12(a) of the 1933 Securities Act, and failure to state a claim under RICO. That motion was argued on August 11, 1986.

### Allegations

The amended complaint alleges a scheme to defraud the plaintiffs through three limited partnerships: Star Link Associates ("Star Link"), Sky Link Associates ("Sky Link") and Galactic Link Associates ("Galactic"). These limited partnerships were to build and operate ground station links for satellite communications. The partnerships were organized by Benjamin Rabin, who was assisted in various ways by the defendants.

There are numerous general and conclusory allegations as to the unlawful conduct of the defendants. For example, plaintiffs allege that Rabin and defendants "engaged in a plan and scheme to defraud Plaintiffs by inducing them to invest in and acquire units in certain limited partnerships ... based on material misrepresentations of fact and material omissions of fact." (¶ 4; see also ¶¶ 29, 63, 74–75, 77, 84) Plaintiffs also allege in a conclusory fashion that various defendants aided and abetted the fraudulent scheme. (¶¶ 31, 36, 38, 80, 83, 90)

Unlike the original complaint, however, the amended complaint makes an effort to spell out more specifically the role of each defendant in the allegedly fraudulent scheme. Under the heading "Role of Peat Marwick," plaintiffs allege that Rabin met with representatives of Peat Marwick, that partners and associates of Peat Marwick recommended the purchase of Sky Link interests to plaintiffs, and that Peat Marwick sought to obtain reassurances from Rabin and his affiliates that any revenue shortfall would be guaranteed by them. (¶¶ 54, 57–59) In addition, plaintiffs allege on information and belief that Peat Marwick was retained by Rabin to perform an independent review of Sky Link financial projections. (¶ 55)

Various other allegations are contained in other parts of the complaint. Plaintiffs allege that Peat Marwick, in sales presentations and in their review of financial projections, represented that the debt assumption and conversion agreements were solely for tax purposes (¶ 35), and that Peat Marwick breached its duty of care by recommending and soliciting investments in enterprises they knew or should have known were unprofitable (¶ 97). In addition, in a count for breach of contract specifically against Peat Marwick, plaintiffs allege that they were intended third-party beneficiaries of a contract for services between Rabin and Peat Marwick. Plaintiffs claim that they were harmed by Peat Marwick's breach of contract, alleging that Peat Marwick failed to perform in a professional manner by, among other things, disseminating false revenue and income projections and by allocating investment tax credits and depreciation deductions to the limited partners. (¶¶ 115–119)

The sufficiency of these allegations will first be examined under the particularity requirements of Rule 9(b), followed by an examination of the RICO claims and the pendent state law claims.

### Discussion

I. *Sufficiency of Fraud Allegations*

A. *Standards for Pleadings*

1. *Pleading Fraud*

Plaintiffs alleging fraud must do so with particularity. Rule 9(b) of the Federal Rules of Civil Procedure requires:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Failure to plead fraud with particularity justifies dismissing the complaint. *Ross v. A.H. Robins Co.*, 607 F.2d 545 (2d Cir. 1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). Since Rule 9 is a rule of pleading, allegations made in briefs or affidavits do not satisfy the pleading requirement. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984) (axiomatic that complaint may not be amended by averments in briefs oppos-

ing motion to dismiss), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *Burns v. Preston Trucking Co.*, 621 F.Supp. 366, 368 (D.Conn.1985) (complaint to be examined in isolation without consideration of outside matters); *Goldberg v. Meridor*, 81 F.R.D. 105, 111 (S.D.N.Y.1979) (affidavits cannot cure lack of specificity in fraud complaint). Where the failure to plead fraud with the requisite particularity occurs after a second attempt to do so, the court may, in its discretion, dismiss with prejudice. *Denny v. Barber*, 576 F.2d 465 (2d Cir.1978) (Friendly, J.).

■ The case law has elaborated on the requirements of Rule 9(b). In order to state the "circumstances constituting fraud ... with particularity," a complaint must state who made the misrepresentations, when those misrepresentations were made, what the misrepresentations were, and how they were directed to the plaintiffs. *Zerman v. Ball*, 735 F.2d 15, 22 (2d Cir.1984); *see also Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir.1986). In addition, although 9(b) allows general allegations as to knowledge and intent, such allegations must "supply a factual basis for [the] conclusory allegations" by pleading the specific "events which they assert give rise to a strong inference that the defendants had knowledge." *Ross*, 607 F.2d at 558; *accord Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir.1982). Similarly, where allegations are based on information and belief the complaint must set forth the source of the information and the reasons for the belief. *Goldberg v. Meridor*, 81 F.R.D. 105, 111 (S.D.N.Y.1979); *see also Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir.1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). Thus, conclusory allegations that defendants participated in a scheme to defraud are insufficient. *Decker*, 681 F.2d at 114; *Ross*, 607 F.2d at 557; *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir.1972).

**1.** Plaintiffs filed two affidavits in supplemental support of their memorandum in opposition to

### 2. *Pleading Aiding and Abetting*

■ The particularity requirements of Rule 9(b) also apply to allegations of aiding and abetting securities fraud. *In re Cincinnati Gas & Electric Securities Litigation*, 594 F.Supp. 233, 237 (S.D.Ohio 1984); *see also Decker*, 681 F.2d at 119; *IIT, An International Investment Trust v. Cornfeld*, 619 F.2d 909, 922–27 (2d Cir.1980) (Friendly, J.). The elements for an aiding and abetting claim are (1) that there be a primary fraud, (2) that the aider and abettor have "knowledge" of the fraud, and (3) that aider and abettor provide "substantial assistance" to the achievement of the primary fraud. *IIT*, 619 F.2d at 922; *see also Decker*, 681 F.2d at 119. The knowledge element of aiding and abetting may be satisfied by recklessness where the defendant owes a fiduciary duty to the plaintiff. *Decker*, 681 F.2d at 119; *IIT*, 619 F.2d at 923. Thus, the circumstances giving rise to an aiding and abetting claim must be pleaded, Fed.R.Civ.P. 9(b); conclusory allegations are insufficient, *Decker*, 681 F.2d at 119.

### B. *Application of Standards to Allegations Regarding Peat Marwick*

■ Plaintiffs' amended complaint is not sufficient under these pleading requirements with respect to defendant Peat Marwick. It is clear that the various conclusory allegations about Peat Marwick's participation in a fraudulent scheme do not meet the requirements of Rule 9(b). While the amended complaint has gone much further than the original complaint in specifying the basis for plaintiffs' allegations against Peat Marwick, it only partially meets the Rule 9(b) requirements. For example, even if it is assumed that Peat Marwick allegedly made statements which were material misrepresentations, the amended complaint nonetheless fails to specify *when* those statements were made. Mere allegations that misrepresentations took place in "sales presentations" do not specify the time or place of those presentations. *See* Fed.R. Civ.P. 9(f); *Decker*, 681 F.2d at 117.[1]

Peat Marwick's motion to dismiss, which provide more detailed information about the time

Moreover, the amended complaint does not contain allegations which provide a factual basis for a strong inference that Peat Marwick knew the statements it made were actually false. The only such allegation that comes close to providing a factual basis is the claim that Peat Marwick sought to obtain a guaranty from Rabin for any revenue shortfalls that Sky Link might have. (¶ 58) Although this fact might give rise to the inference that Peat Marwick had some doubt about the reliability of the Sky Link projections, it falls far short of providing a basis for a "strong inference" of knowledge. It may be that the guaranty was sought merely as a precaution or as an extra benefit for potential investors.

Plaintiffs argue that the allegations regarding Peat Marwick's "independent review" of the financial projections provide the factual basis for the claim that Peat Marwick acted with reckless disregard for the truth. They contend that the figures used as the basis for the financial projections were so erroneous that had Peat Marwick not recklessly disregarded the truth, it would have discovered the error. Memorandum in Opposition to Defendant Peat, Marwick, Mitchell & Co.'s Motion to Dismiss the Amended Complaint, at 17–20. Though it is true that reckless disregard for the truth in certain circumstances can satisfy the knowledge element for fraud or aiding and abetting, *IIT,* 619 F.2d at 923, the type of review performed by Peat Marwick in this case does not give rise to the kind of duty which is a prerequisite for a finding of reckless disregard of the truth. The amended complaint alleges only that Peat Marwick was hired to *review* the financial projections, not to audit them. The result of that review was a report which has been attached to the amended complaint. (Attachment B) The report states:

[Peat Marwick has] relied upon information from the sources indicated *without verifying such data.* These projections

are based on the General Partner's assumptions concerning future events and circumstances. The assumptions are those which the General Partner believes are significant to the projections or are key factors on which the financial results of the proposed Partnership depend.

Although [Peat Marwick] believe[s] the information and assumptions used constitute reasonable bases for preparation of the projections, the achievement of any financial projection may be affected by fluctuating economic conditions and is dependent upon the occurrence of other future events which cannot be assured. Therefore, the actual results achieved may vary from the projections, and such variations could be material.

Amended Complaint, Attachment B, at iv–v (emphasis supplied).

Any claim based on this report does not state a cause of action under the securities laws. In *Luce v. Edelstein,* 802 F.2d 49 (2d Cir.1986), the Second Circuit held that an offering memorandum which "bespeaks caution" does not provide the basis for a federal securities claim. The offering memorandum in that case stated that cash and tax benefits were "speculative," and that actual results might vary materially from predictions. *Id.* at 56. Thus, like the case before this court, the language of the document in question limited the degree to which investors should rely on it. Since Peat Marwick told the plaintiffs that it did not verify the data upon which the projections were based, and that results could vary materially from projections, its review of those projections cannot be a basis for plaintiffs' claim that Peat Marwick acted in reckless disregard of the truth.

In sum, plaintiffs' claim against Peat Marwick is not stated with sufficient particularity in their amended complaint. The amended complaint fails to state the time or place of alleged sales presentations and fails to plead the basis for Peat Marwick's

and place of the sales presentations. However, since the allegations are not in the complaint, the affidavits do not satisfy the requirements of Rule 9(b). *Goldberg v. Meridor,* 81 F.R.D. 105,

111 (S.D.N.Y.1979). Moreover, the affidavits do not contain any allegations with respect to the knowledge element, which is one of the primary deficiencies of the complaint.

alleged knowledge or reckless disregard for the truth with respect to the claimed misrepresentations. In addition, the amended complaint's allegations regarding Peat Marwick's independent review of the financial projections do not state a claim because the language of the review indicated that the data was unverified and that results could materially vary from the projections.[2]

## II. Sufficiency of RICO Allegations

Peat Marwick also argues that the complaint fails to state a RICO claim against it. There are two relevant sections of RICO, which will be considered in turn.

### A. Section 1962(c)

■ Section 1962(c) of RICO provides:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962. Thus, in order to state a claim for a RICO violation under this section, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, SPRL v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Racketeering activity is defined to include specific predicate offenses, including mail fraud indictable under 18 U.S.C. § 1341, wire fraud indictable under 18 U.S.C. § 1343, and securities fraud. 18 U.S.C. § 1961(1).

■ The particularity requirements of Rule 9(b) also apply to claims regarding the predicate acts used as a basis for a RICO claim. *Lopez v. Dean Witter Reynolds, Inc.,* 591 F.Supp. 581, 585 (N.D.Cal.1984);

*Rich-Taubman Associates v. Stamford Restaurant Operating Co.,* 587 F.Supp. 875 (S.D.N.Y.1984); *Clute v. Davenport,* 584 F.Supp. 1562, 1570 (D.Conn.1984); Ruling on Motions to Dismiss at 21.

■ Since the allegations with respect to Peat Marwick's conduct were not specific enough to sustain a fraud claim against Peat Marwick, they are not specific enough to state the necessary predicate acts for a RICO claim. Ruling on Motions to Dismiss, at 21. Thus, to the extent that plaintiffs' amended complaint relies on the alleged securities frauds as predicate acts, it fails to state a RICO claim against Peat Marwick.

■ Plaintiffs may argue that allegations of mail and wire fraud are a basis for the RICO claim against Peat Marwick. These allegations, however, like those dealing with securities fraud, are insufficient under the requirements of Rule 9(b). The amended complaint merely alleges that "defendants" used the mail (¶ 26), that "each of the defendants" transmitted "numerous materials through the mails in interstate commerce" (¶ 90(b)), and that "each of the defendants" transmitted "private offering memoranda and other information" by wire (¶ 90(c)). Such conclusory allegations that do not specify which defendants used mail or wire services, what was transmitted, when it was transmitted, or to whom it was sent are insufficient. *See Decker,* 681 F.2d at 114; *Ross,* 607 F.2d at 557; *Segal,* 467 F.2d at 607.

### B. Section 1962(d)

Even if the amended complaint does not state a claim against Peat Marwick for participating in the predicate acts upon which a RICO claim is based, it is possible that under section 1962(d) the amended

---

**2.** As a result of this finding, Peat Marwick's argument that plaintiffs have no private right of action under section 12(a) of the 1933 Securities Act need not be considered. Plaintiffs' claims are no more specific with respect to section 12(a) than with respect to section 10(b), and, as a result, they do not state a claim under either.

*See Andreo v. Friedlander, Gaines, Cohen, Rosenthal & Rosenberg,* Civil No. H–85–551, at 28–29 (April 28, 1986) (Ruling on Motions to Dismiss of Defendants Peat, Marwick & Mitchell and Zarrow, Zarrow & Klein) [hereinafter cited as Ruling on Motions to Dismiss].

complaint may state a claim for conspiracy to violate RICO. Section 1962(d) provides:

> (d) It shall be unlawful for any person to conspire to violate any of the provisions of ... this section.

18 U.S.C. § 1962. For liability under this section, the offending party "must have objectively manifested an agreement to participate, directly or indirectly, in the affairs of an enterprise through the commission of two or more predicate acts." *Laterza v. American Broadcasting Co.*, 581 F.Supp. 408, 413 (S.D.N.Y.1984); *accord United States v. Cauble*, 706 F.2d 1322, 1341 (5th Cir.1983), *cert. denied*, 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984); *United States v. Melton*, 689 F.2d 679, 683 (7th Cir.1982); Ruling on Motions to Dismiss, at 23; *see also United States v. Ruggiero*, 726 F.2d 913, 921 (2d Cir.1984).

■ Although Rule 9(b) does not apply to claims of conspiracy because it is not one of the averments enumerated in the Rule, *see Alfaro v. E.F. Hutton & Co.*, 606 F.Supp. 1100, 1117 (E.D.Pa.1985), plaintiffs must nevertheless provide some factual basis for the legal conclusion that a conspiracy existed, *id.; accord Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir.1981); *see also Ellentuck v. Klein*, 570 F.2d 414, 426 (2d Cir.1978); *Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137 (2d Cir. 1964).

■ Under these standards, plaintiffs fail to state a claim against Peat Marwick for conspiracy under RICO. The amended complaint merely alleges that Peat Marwick "did unlawfully, wilfully, and knowingly conspire together [with other defendants] to violate 18 U.S.C. Section 1962(c)." (¶ 92) It does not allege any objective manifestation of an agreement, nor does it set forth the facts upon which the conspiracy claim is based. Mere conclusory allegations such as these are insufficient. *Alfaro*, 606 F.Supp. at 1117; *see also* Ruling on Motions to Dismiss, at 23; *Laterza*, 581 F.Supp. at 413 (allegations of an "unspec-

ified role in an undetailed conspiracy" are insufficient).

### III. *Pendent Jurisdiction*

■ Peat Marwick argues that once the federal claims against it has been dismissed, the pendent state claims against it should be dismissed as well. Pendent jurisdiction is a doctrine of discretion. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Where the federal claims are dismissed before trial, the state claims should generally be dismissed as well. *Id.; Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir.) (retention of pendent state law claim after dismissal of federal claim under Rule 12(b)(6) probably would be an abuse of discretion), *cert. denied*, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975).

From these principles it follows that the state claims against Peat Marwick should be dismissed. Since the federal claims with respect to Peat Marwick will be dismissed and there are no extraordinary circumstances argued which would justify retention of jurisdiction over the state law claims against Peat Marwick, those state claims are dismissed as well. *See* Ruling on Motions to Dismiss, at 29.

### *Conclusion*

For the foregoing reasons, Peat Marwick's motion to dismiss is granted. When plaintiffs' first complaint was dismissed, they were put on notice that the amended complaint would have to plead fraud with particularity. The plaintiffs have had ample opportunity to amend their complaint. They were given 30 days to amend after the first motion to dismiss was granted, and have had some five months to offer further amendments to the complaint while Peat Marwick's second motion to dismiss was pending. Thus, this court exercises its discretion to dismiss the amended complaint with prejudice with respect to Peat Marwick. *See Denny v. Barber*, 576 F.2d 465 (2d Cir.1978).[3]

SO ORDERED.

---

**3.** This decision to grant the motion to dismiss with prejudice should not be confused with a decision to grant summary judgment after converting the motion to dismiss to a motion for

summary judgment. In order to do so, this court would have to grant plaintiffs an opportunity to present relevant material outside the record. *See In re G. & A. Books, Inc.,* 770 F.2d 288 (2d Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1195, 89 L.Ed.2d 310 (1986). Since this is a motion to dismiss for a failure to plead with particularity as required by Rule 9(b), material outside the record is not relevant to the decision here. *See Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d at 1107; *Burns v. Preston Trucking Co.,* 621 F.Supp. at 368; *Goldberg v. Meridor,* 81 F.R.D. at 111.