## Glenn Cook v. Alexander and Alexander of Connecticut, Inc.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 229709
NEW HAVEN

Memorandum filed January 16, 1985

*Janet B. Arterton,* for the plaintiff.
*Marcus & Burns,* for the defendant.

L. AARONSON, J. The plaintiff's complaint, as amended, alleges the following: The plaintiff was employed by the defendant from January, 1981, to November, 1983. He was told by the defendant when hired that the defendant utilized a Management by Objective (MBO) approach under which the plaintiff was entitled to earn additional compensation through bonuses based on individual bonus production. The plaintiff was additionally advised of his eligibility for the defendant's employee benefit program, including a thrift plan in which the plaintiff would be 33-1/3 percent vested after a three year participation.

As of 1983, the plaintiff began achieving marked increased production levels, exceeding MBO goals set by the defendant for bonuses within the first three

quarters of 1983. Further, as of January 19, 1984, the plaintiff would have a vested 33–1/3 percent thrift plan entitlement to the defendant's plan contributions.

The defendant discharged the plaintiff on November 1, 1983, for "unsatisfactory work performance." The plaintiff alleges on information and belief that the defendant terminated him with only two months remaining of that year to avoid paying the plaintiff substantial bonuses and to prevent the plaintiff from attaining his vested thrift plan rights. The defendant further failed and refused to pay the plaintiff's interim bonuses.

The plaintiff's complaint is in seven counts, the first two of which are the subject of the defendant's motion to strike. A motion to strike is the proper way to challenge the legal sufficiency of one or more counts of a complaint. Practice Book § 152.

Count one alleges that the plaintiff's discharge was wrongful in that it violated the public policy against the withholding of wages. Connecticut adheres to the rule that an employee hired for an indefinite period is dischargeable at the will of his employer. *Somers* v. *Cooley Chevrolet,* 146 Conn. 627, 153 A.2d 426 (1959); *Fisher* v. *Jackson,* 142 Conn. 734, 118 A.2d 316 (1955). *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 (1980), carved out an exception to this general rule for cases in which the "former employee can prove a demonstrably *improper* reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Id., 475. The court in *Sheets* found the locus of a public policy violation in the violation of relevant state statutes. "We need not decide whether violation of a state statute is invariably a prerequisite to the conclusion that a challenged discharge violates public policy. *Certainly where there*

*is a relevant state statute we should not ignore the statement of public policy that it represents.''* (Emphasis added.) Id., 480.

General Statutes §§ 31-71c (b) and 31-71e state, in pertinent part, respectively, that: "Whenever an employer discharges an employee, the employer shall pay the employee's wages in full not later than the business day next succeeding the date of such discharge," and "[n]o employer may withhold or divert any portion of an employee's wages . . . ." "Wages" is defined in General Statutes § 31-71a (3) as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation."

In considering a motion to strike, the facts alleged in the complaint must be construed in the manner most favorable to the pleader. *Amodio* v. *Cunningham,* 182 Conn. 80, 82, 438 A.2d 6 (1980). In light of this standard, the plaintiff's alleged unpaid bonuses and vested thrift plan constitute unpaid wages within the meaning of the statute.

These statutes represent a public policy against the withholding of wages by employers. By alleging that the plaintiff was discharged in order to avoid payment of bonuses and the vesting of thrift plan benefits, the plaintiff has sufficiently alleged a wrongful discharge within the contemplation of *Sheets.* The defendant's motion to strike count one is denied.

In *Sheets,* the employee was discharged because of his conduct in calling to his employer's attention repeated violations of the Connecticut Uniform Food, Drug and Cosmetic Act §§ 19-213 and 19-222. In denying the defendant-employer's motion to strike, the court determined that an employee should not be "put to an election whether to risk criminal sanction or to jeopardize his continued employment." Id., 480. *Sheets,*

however, does not limit recovery under this tort to cases in which the statutory violation at issue potentially subjects the employee to criminal liability. See *Sheets* v. *Teddy's Frosted Foods, Inc.,* supra, 480.

Count two alleges that the plaintiff's discharge violated the defendant's implied covenant of good faith and fair dealing. The Connecticut Supreme Court, in *Magnan* v. *Anaconda Industries, Inc.,* 193 Conn. 558, 479 A.2d 781 (1984), held that a breach of such an implied covenant cannot be predicated simply upon the absence of good cause for discharge. Id., 571. The court, however, in dicta, stated an approval of the application of the good faith principle to contracts of employment "in the restricted manner illustrated by the Massachusetts cases . . . ." Id., 571. The court stated the Massachusetts position as follows: "As currently applied to employment contracts in Massachusetts, a breach of good faith implies an overreaching upon the part of the employer by taking advantage of its superior bargaining power *and depriving the employee of 'compensation that is clearly identifiable and is related to the employee's past service.' "* (Emphasis added.) Id., 570–71.

The Connecticut Supreme Court has thus expressed a willingness to allow an action for the breach of good faith and fair dealing when the challenged discharge is allegedly related to the withholding of wages. Count two alleges such a discharge. The defendant's motion to strike counts one and two is denied.