[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff Gerald R. Linkovich alleges that he was wrongfully discharged by defendant Heublein, Inc. on August 31, 1989. The plaintiff alleges, inter alia, that the discharge was designed to deprive the plaintiff of his severance pay and/or compensation in violation of Connecticut General Statutes sections 31-71c, 31-71d and 31-71e.
The defendant moves to strike the first count of the CT Page 1276 complaint on the grounds that the plaintiff has not alleged a legally sufficient cause of action. In Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980), the Connecticut Supreme Court developed an exception to the general rule that an employee hired for an indefinite period is dischargeable at the will of his employer. Id. at 475; Cook v. Alexander and Alexander of Connecticut, 40 Conn. Sup. 246, 247 (1985). This exception noted that an employee's discharge was wrongful and actionable when the "employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy. Sheets, 179 Conn. at 475
(emphasis in original); Cook, 40 Conn. Sup. at 247
"The court in Sheets found the locus of a public policy violation in the violation of relevant state statutes." Cook,40 Conn. Sup. at 247. The court in Cook, when confronted with an issue virtually identical to the issue now before this court, held that the statutes cited "represent a public policy against the withholding of wages by employers." Id. at 248; see also Ryan v. Watson Enterprises, 4 CSCR 112 (February 12, 1990, Landau, J.). Therefore, the plaintiff has alleged a sufficient cause of action stating a claim for wrongful discharge and the motion to strike count one is denied. See Cook, 4C Conn. Sup. at 248; Ryan, 4 CSCR at 113.
The defendant next claims that the plaintiff has failed to sufficiently allege the terms essential to the existence of an implied contract and therefore cannot properly allege breach of such a contract in his second count. The plaintiff does allege that he reasonably and significantly relied on the defendant's representation that it would not arbitrarily discharge him. This reliance was reasonable because the plaintiff was continuously promoted, had received excellent job performance evaluations and had received merit raises. Moreover, it is alleged that the defendants, by their agents, servants, or employees, orally represented to the plaintiff that he would have a long and promising future with the defendant companies. Where a plaintiff in another case had been given similar oral assurances that he would not be terminated, the court held that "there was sufficient evidence to permit the jury to find that the parties had an implied agreement that, so long as he performed his job properly, the plaintiff would not be terminated . . ." Coelho v. Posi-Seal Internation, Inc.,208 Conn. 106, 114 (1988). Therefore, the plaintiff in the instant case has sufficiently plead a cause of action sounding in breach of an implied contract.
Lastly, the defendant claims that the plaintiff has not sufficiently stated a cause of action for breach of an implied covenant of good faith and fair dealing. The defendant bases this CT Page 1277 claim on its contention that the plaintiff's discharge did not contravene public policy. However, as previously discussed, the alleged withholding of wages or compensation causing the plaintiff's discharge was in violation of public policy as expressed in the Connecticut General Statutes. See Cook,40 Conn. Sup. at 246. Moreover, "[t]he Connecticut Supreme Court has . . . expressed a willingness to allow an action for the breach of good faith and fair dealing when the challenged is allegedly related to the withholding of wages." Id. at 249; see also Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 570-71 (1984). Therefore, the plaintiff has sufficiently alleged a breach of a covenant of good faith and fair dealing.
For the reasons stated, the motion to strike is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE