[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is an action by the plaintiff for wrongful termination from employment. Among the claims in the complaint is the plaintiff's claim in Count Two that he was terminated so that the defendants could avoid paying stock option compensation to him, an option which was to vest four days after his termination. He alleges this to be a violation of the public policy expressed in Conn. Gen. Stat. Sec. 31-71a(3), 31-71c(b) and 31-71e, the wage protection statutes.
The defendants move to strike this count, asserting that since the wage protection statutes themselves provide a remedy, a civil suit for double damages, in Conn. Gen. Stat. Sec. 31-72, the plaintiff's claims in Count Two are insufficient as a matter of law. See, e.g., Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643,648 (1985). The plaintiff opposes the motion to strike on the grounds that the wage protection statutes, while they express a public policy of entitling an employee to collect compensation that has been earned, do not provide the remedy he seeks because the defendants' actions in terminating him in bad faith before his options vested preclude his claim under 31-72; thus he is left with this wrongful termination claim.
This court adopts the reasoning of Judge Aaronson in Cook v.Alexander Alexander of Connecticut, Inc., 40 Conn. Sup. 246
(1985) in finding that a complaint alleging that plaintiff's employment was terminated in order to prevent the vesting of certain rights to compensation which, if vested, would be enforceable rights under Connecticut's wage protection statutes states a cause of action for wrongful termination.
The Defendants' Motion to Strike Count Two is denied.
PATTY JENKINS PITTMAN, JUDGE