[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT'S MOTION TO STRIKE
CT Page 5433-OOOO
FACTUAL BACKGROUND
On April 17, 1996, the plaintiff, Brian G. Good, filed an eleven count third amended complaint against his former employer, Goodway Technologies, Inc. The complaint alleges various causes of action relating to the defendant's discharge of the plaintiff.
On April 24, 1996, the defendant filed a motion to strike the sixth and eighth counts of the third amended complaint. The defendant also filed a memorandum of law in support of the motion to strike.
On May 15, the plaintiff filed an objection to the defendant's motion to strike and a memorandum of law in support of the objection.
On June 3, 1996, the defendant filed a reply memorandum in support of its motion to strike.
LEGAL DISCUSSION
 A. Sixth Count
The defendant has moved to strike the sixth count of the plaintiff's third amended complaint. The third amended complaint alleges, generally, that the plaintiff was hired pursuant to a written offer of employment which stated that "the Plaintiff would be an employee `at will' subject to termination by the Defendant with or without cause." In the next paragraph the plaintiff alleges that the "Defendant represented said written offer was merely a form agreement and Plaintiff would not be arbitrarily terminated." The sixth count specifically alleges that the defendant wrongfully withheld a portion of the plaintiff's wages in violation of General Statutes §§ 31-71c
and 31-71e, refused to pay commissions due to the plaintiff, discharged the plaintiff to avoid paying the plaintiff's commission and salary, and wrongfully discharged the plaintiff in violation of the public policy against withholding wages.
The defendant advances two grounds for striking the sixth count. First, that the claim for wrongful discharge is legally insufficient because it is not based upon an allegation that the CT Page 5433-PPPP plaintiff was an at will employee. D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 211 n. 1,520 A.2d 217 (1987). The defendant argues that the sixth count alleges employment pursuant to an implied contract that he would not be arbitrarily discharged. The plaintiff counters that the sixth count is legally sufficient because it pleads, in the alternative, both employment at will and employment pursuant to an implied contract.
The sixth count pleads, in the alternative, both employment at will and employment pursuant to an agreement that the defendant would not arbitrarily discharge the plaintiff. "[A] plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Drier v. Upjohn Co., 196 Conn. 242, 245,492 A.2d 164 (1985). See also Practice Book §§ 94, 137. Should the plaintiff fail to prove employment pursuant to an agreement that he would not be arbitrarily terminated, he has pleaded sufficient facts to sustain a cause of action for wrongful discharge based upon employment "at will." The defendant's motion to strike the sixth count of the third amended complaint on the ground that it does not allege `at will' employment is denied.
The defendant also argues that the sixth count is legally insufficient because a claim for wrongful discharge is barred when a statutory remedy is available. Atkins v. BridgeportHydraulic Co., 5 Conn. App. 643, 648, 501 A.2d 1223 (1985). The defendant notes that General Statutes § 31-72 permits double damages and attorney's fees in a civil action alleging wrongful discharge in violation of the public policy against withholding wages.
The plaintiff counters that the sixth count sets forth a claim for wrongful discharge based upon a violation of the state's public policy against withholding wages. Sheets v.Teddy's Frosted Foods, Inc., 179 Conn. 471, 475, 427 A.2d 385
(1980). The plaintiff cites Cook v. Alexander Alexander ofConnecticut, Inc., 40 Conn. Sup. 246, 248, 488 A.2d 1295 (1985). See also Okon v. Medical Marketing Group, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306032 (Aug. 18, 1994, Pittman, J.) (motion to strike denied where complaint alleges that plaintiff's employment was terminated in order to prevent the vesting of certain rights to compensation which, if vested, would be enforceable under Connecticut's wage protection statute). CT Page 5433-QQQQ
The general rule in Connecticut is that "contracts of permanent employment, or for an indefinite term, are terminable at will." (Internal quotation marks omitted.) Coelho v. Posi-SealInternational, Inc, 208 Conn. 106, 118, 544 A.2d 170 (1988). The doctrine of wrongful discharge, a narrow exception to the general rule, holds that an employer may be liable for discharging an "at will" employee "if the former employee can prove a demonstrablyimproper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Emphasis in original). Sheets v. Teddy's Frosted Foods, Inc., supra, 179 Conn. 475.
General Statutes §§ 31-71c (b) and 31-71e represent a public policy against withholding wages and by alleging that the defendant discharged the plaintiff in order to avoid the payment of commissions, the sixth count alleges a legally sufficient claim for wrongful discharge pursuant to Sheets. See Cook v.Alexander Alexander of Connecticut, Inc., supra, 40 Conn. Sup. 248. However, a claim for wrongful discharge, pursuant to Sheets, exists only where the employee is otherwise without a remedy.Atkins v. Bridgeport Hydraulic Co., supra, 5 Conn. App. 648. The Appellate Court explained: "[a] finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Internal quotation marks omitted.) Id., 648. Numerous superior court cases address the issue of whether the existence of a statutory remedy bars a common law claim for wrongful discharge. See, eg., Deura v.Greenwich Hospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140029 (April 10, 1995, D'Andrea, J., 14 Conn. L. Rptr. 49) (General Statutes §46a-60 (a)(1), the Connecticut Constitution, Article First, § 20
and the Americans with Disabilities Act provide statutory remedies to address the alleged discriminations suffered by the plaintiff); Pucci v. American-Republican, Superior Court, judicial district of Waterbury, Docket No. 118491 (May 23, 1994, Sylvester, J., 9 CSCR 626) (General Statutes § 31-290a bars wrongful discharge claim that plaintiff was discharged for filing a worker's compensation claim); Werge v. Southern New EnglandCT Page 5433-RRRRTelephone, Superior Court, judicial district of New London at New London, Docket No. 527526 (May 23, 1994, Leuba, J.) ("since statutory remedies exist, the plaintiffs cannot sustain an independent common law cause of action as to wrongful dischargeFaulkner v. Sikorsky Aircraft, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525080 (April 6, 1994, Corradino, J.) (wrongful discharge claim stricken because allegations of discrimination based upon age and physical disability can be addressed through state and federal statutes);Venturi v. William W. Backus Hospital, Superior Court, judicial district of New London at New London, Docket No. 523510 (July 1, 1993, Hendel, J.) (claim for common law wrongful discharge stricken because General Statutes §§ 17a-549 and 17a-550
provide adequate remedies for employee discharged because of a mental disorder) Poulous v. Pfizer, Inc., Superior Court, judicial district of New London at New London, Docket No. 520719 (June 24, 1992, Hendel J., 6 Conn. L. Rptr. 545) (wrongful discharge claim barred because General Statutes § 31-51t
provides damages and injunctive relief for unlawful drug testing); Brotherton v. Burndy, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 031543 (November 12, 1990, Fuller, J., 2 Conn. L. Rptr. 508) (OSHA provides statutory remedy); Reed v. Ritz Camera and Video Store, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 258480 (November 9, 1989, Thompson, J., 4 CSCR 862) (ERISA provides statutory remedy); Banjeree v. Roberts, 641 F. Sup. 1093, 1108
(D.Conn. 1986) ("It is evident that the Connecticut Supreme Court in Sheets did not intend to create a means for discharged employees to assert the same statute or constitutional violation twice in a single complaint. . . . Instead, the court intended merely to provide a `modicum of judicial protection' for those who did not already have a means of challenging their dismissals under state law."). These cases make clear that the existence of a statutory remedy, regardless of its scope, will bar a common law wrongful discharge claim pursuant to Sheets.
It should be noted, however, that several superior court decisions decline to strike claims for wrongful discharge where the court determines that the statutory remedy is inadequate. SeeMirto v. Laidlaw Transit, Superior Court, judicial district of New Haven, Docket No. 334231 (April 26, 1993, Stanley, J.,9 Conn. L. Rptr. 19) (General Statutes § 31-51q, preventing an employer from discharging an employee for exercising free speech rights, does not preclude claim for wrongful discharge pursuant to Sheets); MacLean v. School Sisters of Notre Dame, Superior CT Page 5433-SSSS Court, judicial district of Fairfield at Bridgeport, Docket No. 289572 (March 31, 1992, Lewis, J.) (common law wrongful discharge claim not barred by General Statutes § 31-51q because statute advances a different public policy initiative); Wall v. WausauInsurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 343381 (August 19, 1994, Hadden, J.) (ten weeks back pay pursuant to General Statutes § 51-247a(b) does not provide adequate remedy for employee allegedly discharged for serving on a jury); Miller v. Alpha Systems, Inc., Superior Court, judicial district of Waterbury, Docket No. 117227 (February 24, 1995, McDonald, J., 13 Conn. L. Rptr. 516) (same).
General Statutes § 31-72 provides: "When any employer fails to pay an employee wages in accordance with the provisions of section 31-71a to 31-71i, inclusive or fails to compensate an employee . . . such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . . ." General Statutes § 31-71a defines "wages" as: "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece,commission or other basis of calculation. (Emphasis added.) Because General Statutes § 31-72 provides a remedy to address the plaintiff's claim for wrongful discharge in violation of the public policy against withholding wages, the defendant's motion to strike the sixth count of the plaintiff's third amended complaint will be granted.
B. Eighth Count
The defendant also moves to strike the eighth count of the plaintiff's third amended complaint. The defendant relies upon the grounds asserted in support of striking the sixth count. The defendant argues that wrongful discharge based upon a claim of breach of the implied covenant of good faith and fair dealing must allege "at will" employment. As discussed previously, the complaint alleges "at will" employment.
The defendant also argues that a claim for wrongful discharge based upon a breach of the implied covenant of good faith and fair dealing is barred by Atkins v. Bridgeport Hydraulic Co., supra, 5 Conn. App. 648. However, Atkins only bars a claim for wrongful discharge pursuant to the Sheets exception when a statutory remedy exists. Atkins does not bar a claim for breach of the implied covenant of good faith and fair dealing when a CT Page 5433-TTTT statutory remedy exists. Consequently, the defendant's motion to strike the eighth count of the plaintiff's third amended complaint is denied.
CONCLUSION
Based on the foregoing, the Defendant's Motion to Strike (#123) is granted as to the sixth count of the Plaintiff's Third Amended Complaint and denied as to the eighth count.
So ordered.
MICHAEL HARTMERE, JUDGE