[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
 FACTS
CT Page 12050 The plaintiff, Tracy Leone-Garofalo, filed this complaint against her former employer, United States Tobacco Company, alleging wrongful discharge in violation of Connecticut public policy protecting the rights of crime victims. The defendant now moves to strike the complaint in its entirety for failure to state a legally sufficient cause of action.
The plaintiff alleges the following facts. Shortly after the defendant hired the plaintiff in September, 1998 as an at-will employee, the plaintiff received death threats. She immediately contacted law enforcement authorities, including the Federal Bureau of Investigation, who arrested the perpetrator and identified him as the plaintiff's brother-in-law. Fearing further incidents, the plaintiff obtained a restraining order against the perpetrator. At about the same time, he was committed for treatment and evaluation by mental health professionals. However, the evaluation concluded that he was not a threat to the plaintiff or others. Nonetheless, the plaintiff informed the defendant's head of employee relations and head of security that she had obtained the restraining order and had filed criminal charges against the perpetrator.
Although the defendant informed the plaintiff on several occasions that her job was secure, the defendant suspended the plaintiff to evaluate whether her presence in the workplace posed a security risk to other employees. Concluding that the plaintiff posed a significant security risk, the defendant terminated her. The plaintiff alleges that, as a result of her termination, has suffered financial hardship, humiliation and emotional distress.
 DISCUSSION
The defendant argues that the plaintiff has failed to allege a legally sufficient cause of action for wrongful discharge in violation of public policy. The defendant argues that there is no public policy that prevents a private employer from terminating an employee who constitutes a significant security risk to other employees. The defendant argues that the alleged public policy of protecting the rights of crime victims does not reach private employers, and that the plaintiff's claim for wrongful discharge accordingly must be stricken.
The plaintiff argues that the defendant's motion should be denied because her allegations of wrongful discharge were legally sufficient. The plaintiff argues that protecting the rights of crime victims is an important public policy embodied in Chapters CT Page 12051 815a, 815e and 968 of the General Statutes, and that the defendant violated this policy when it terminated the plaintiff after learning that she was a crime victim.
"Connecticut adheres to the rule that an employee hired for an indefinite period is dischargeable at the will of his employer." Cook v. Alexander Alexander of Connecticut, Inc.,40 Conn. Sup. 246, 247, 488 A.2d 1295 (1985). However, in an effort to balance the competing interests of employers and employees, the court has recognized a narrow exception to the traditional rule "where the discharge contravenes a clear mandate of public policy." Sheets v. Teddy's Frosted Foods, 179 Conn. 471, 474,427 A.2d 385 (1980). "Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception." Morris v. Hartford Courant Co.,200 Conn. 676, 630, 513 A.2d 66 (1986); see also Daley v. Aetna Life Casualty Co., 249 Conn. 766, 798, A.2d (1999). "In evaluating claims, [the court] look[s] to see whether the plaintiff has . . . alleged that his discharge violated any explicit statutory or constitutional provision . . . or whether he alleged that his dismissal contravened any judicially conceived notion of public policy." (Internal quotation marks omitted.) Daley v.Aetna Life Casualty Co., supra, 249 Conn. 798.
"[T]he employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy."Morris v. Hartford Courant Co., supra, 200 Conn. 679. Therefore, a claim must be stricken where the "plaintiff has failed to identify any particular public policy affronted by his termination." Id., 680.
Although "mindful that [they] should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation"; Parsons v. United Technologies Corp. ,243 Conn. 66, 79, 700 A.2d 655 (1997); courts have found that discharge contravenes a clear mandate of public policy where an employee is terminated for: (1) acting to ensure compliance with the applicable law relating to the labeling and licensing of food products; see Sheets v. Teddy's Frosted Foods, supra,179 Conn. 471; (2) demanding receipt of unpaid bonuses and wages earned; see Cook v. Alexander Alexander of Connecticut, Inc., supra,40 Conn. Sup. 246; (3) refusing to work in an unsafe environment; see Parsons v. United Technologies Corp. , supra, 243 Conn. 66; (4) refusing to violate federal law by participating in government contract fraud; see Faulkner v. United TechnologiesCorp. , 240 Conn. 576, 693 A.2d 293 (1997); and (5) reporting the CT Page 12052 statutory or common law violations of an employer to the authorities; see Girgenti v. Cali-Con, Inc., 15 Conn. App. 130,544 A.2d 655 (1988); see also Schmidt v. Yardney Electric Corp. ,4 Conn. App. 69, 492 A.2d 512 (1985). However, the Daley court found that dismissal does not contravene public policy where a working parent is terminated for demanding a flexible work schedule. See Daley v. Aetna Life Casualty Co., supra,249 Conn. 766.
In this case, the court concludes that the plaintiff has failed to state a legally sufficient claim that her dismissal violated an explicit statutory or constitutional provision or contravened a judicially conceived notion of public policy. See id., 798. The plaintiff's reliance on Chapters 815a, 815e and 968 of the General Statutes is misplaced. Chapter 815e relates to the protection of family members from physical abuse by other family or household members, Chapter 815e relates to marriage and Chapter 968 provides protections and services to the victims of crimes. Although 854-203(b)(7)(G) of Chapter 968 provides that a "victim cannot be fired, harassed or otherwise retaliated against by an employer for appearing under a subpoena as a witness in any criminal prosecution," the purpose of this provision is to guarantee the integrity of the prosecutorial process by protecting potential witnesses who may have been crime victims. Thus, none of the statutes that the plaintiff has cited protects a crime victim from dismissal by an employer solely because of her status as victim. The plaintiff has also failed to cite any statutory authority protecting crime victims whose presence may pose a significant security risk to other employees. Finally, the plaintiff has not referred to any judicially conceived notion of public policy applicable to this case. Therefore, construing the facts most favorably to the plaintiff, she has not met her burden of pleading that her discharge contravenes a clearly mandated public policy protecting the rights of crime victims. Accordingly, the court grants the defendant's motion to strike the complaint in its entirety for failure to state a legally sufficient cause of action.
NADEAU, J.