[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The facts, as alleged in the plaintiff's complaint, are as follows. The CT Page 10669 plaintiff, Glen Duplissie, was employed as construction coordinator and general foreman by the defendant, Kenneth Devino doing business as Industrial Development Group, from February 1986 through August 1997. The employment agreement between the plaintiff and the defendant included a weekly salary, an additional $10,000 per year, payable each July, and interest at 10 percent per annum on any unpaid portion of the $10,000 annual payment. In 1989, the defendant promised to transfer to the plaintiff a 5 percent equity interest in Industrial Development Group as additional compensation. The plaintiff received the agreed upon salary through December 1989. The parties agreed in 1990 to defer the $10,000 payments, with interest, until the recession ended. The plaintiff demanded payment of the back payments of $10,000, with accumulated interest, and the transfer of the 5 percent equity interest in August 1997 when he left the employment of the defendant. The defendant has refused to make any of those payments.
The plaintiff filed this action in twelve counts on March 10, 2000, against Kenneth Devino and Building Structures, Incorporated. Devino filed this motion to strike counts one, two, three, four, five and eight of the plaintiff's complaint along with a supporting memorandum of law.[1] The plaintiff filed an objection to the motion to strike counts one, two, three, four and five along with a supporting memorandum of law. The court heard oral argument May 8, 2000.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint. . . . In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522-23, ___ A.2d ___ (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667,748 A.2d 834 (2000). A motion to strike "does not admit legal conclusionsor the truth or accuracy of opinions stated in the pleadings." (Emphasis CT Page 10670 in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 588.
 I
The defendant moves to strike counts one, two and four, alleging a violation of General Statutes § 31-72, breach of contract and fraudulent misrepresentation, respectively, on the ground that they are barred by the statute of limitations provided in General Statutes §52-596. "[A] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. . . . If all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true, . . . a motion to strike would be allowed." (Citation omitted; internal quotation marks omitted.) Girard v. Weiss, 43 Conn. App. 397,415, 682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 946 (1996); see also Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 171-72,127 A.2d 814 (1956).
The parties herein do not agree on all the facts pertinent to the statute of limitations. Counts one, two and four are based on the plaintiff's allegations that the defendant failed to make the payments of $10,000, plus interest, for the years 1990 through 1997 upon his demand in August 1997. The defendant maintains that the claims are barred by General Statutes § 52-596, which provides a two year statute of limitations on claims for "payment of remuneration for employment payable periodically."[2] The plaintiff argues that, because the plaintiff and defendant agreed to "defer collection of the $10,000 annual lump sum until the company recovered from the recession, at which time he would receive the full arrears plus 10% interest per annum"; (complaint, p. 1, ¶ 6); the claim is not for periodic payments and, therefore, is not governed by General Statutes § 52-596. There is a question of fact as to the periodic nature of the payments claimed due by the plaintiff under these counts; therefore, a motion to strike is not appropriate. Accordingly, the defendant's motion to strike counts one, two and four are denied.
 II
The defendant moves to strike count three of the plaintiff's complaint on the ground that the plaintiff failed to allege sufficient facts to maintain a claim of conversion. The Connecticut Supreme Court has "defined conversion as [a]n unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some CT Page 10671 unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." (Internal quotation marks omitted.) Aetna Life Casualty Co. v. Union Trust Co., 230 Conn. 779,790-91, 646 A.2d 799 (1994).
"Although proof of absolute and unqualified title is, of course, sufficient, proof of an immediate right to possession at the time of conversion is all that is required in the way of title or possession to enable the plaintiff to recover." Devitt v. Manulik, 176 Conn. 657, 660,410 A.2d 465 (1979). "Money can clearly be subject to conversion." Omarv. Mezvinsky, 13 Conn. App. 533, 536, 537 A.2d 1039, cert. denied,208 Conn. 803, 545 A.2d 1101 (1988).
"Conversions are grouped into two general classes. The first class pertains to instances of tortious taking in that the possession is originally wrongful. Because proof of the tortious act establishes the conversion, a demand for and refusal to return the property in question are unnecessary. . . . The second class is where the possession, originally rightful, becomes wrongful by reason thereafter of a wrongful detention, or a wrongful use of the property, or the exercise of an unauthorized dominion over the property. In the last two groups of this class, the wrongful use and the unauthorized dominion, constitute the conversion; therefore no demand for the return of the personal property is required. In the first group, since the possession is rightful and there is no act of conversion, there can be no conversion until the possessor refused to deliver up the property upon demand. Unexplained, the refusal is evidence from which a conversion may be found." (Citation omitted; internal quotation marks omitted.) Epstein v. AutomaticEnterprises, 6 Conn. App. 484, 488, 506 A.2d 158 (1986); see also Marounv. Tarro, 35 Conn. App. 391, 396, 646 A.2d 251 (1994).
The present case fits into the first group of the second class of conversion: original rightful possession by the defendant, followed by wrongful detention. The plaintiff alleges sufficient facts in his complaint to support a claim of conversion. The plaintiff alleges that the payments came due and were payable to the plaintiff each July, beginning in 1990. The plaintiff further alleges that the plaintiff allowed the defendant to keep the money until the recession ended, at which time the full sum, with interest at 10 percent, would be payable to the plaintiff. The plaintiff alleges that he made several demands for the money, but the defendant refused to make payment. The defendant's motion to strike count three is denied.
 III CT Page 10672
The defendant moves to strike count five, alleging a violation of General Statutes § 31-72[3], on the ground that the plaintiff failed to allege "wages" as defined by General Statutes § 31-71a
(3).[4] "The principal canon of statutory construction is that where the statutory language is clear and unambiguous, we interpret the statute to mean what it says. . . . Under such circumstances, we will look no further for interpretive guidance. . . . General Statutes 31-71a (3) defines `wages' for the purposes of § 31-72 as "compensation for labor or services rendered by an employee. . . .'" (Citations omitted.)Fulco v. Norwich Roman Catholic Diocesan Corp., 27 Conn. App. 800, 804,609 A.2d 1034 (1992), appeal dismissed, 226 Conn. 404, 627 A.2d 931
(1993). "The purpose of § 31-72 is remedial, and therefore it must be given a liberal construction in favor of those whom the legislature intended to benefit." Tianti v. William Raveis Real Estate, Inc.,231 Conn. 690, 696, 651 A.2d 1286 (1995).
Count five of the plaintiff's complaint is based upon the plaintiff's allegation that the defendant refused to transfer a 5 percent equity interest in Industrial Development Group to the plaintiff as additional compensation. The defendant argues that any agreement made regarding such a transfer is not an agreement regarding "wages" as defined by General Statutes § 31-71a (3).
Connecticut courts have not determined whether an agreement to transfer an equity interest is considered "wages" as defined by General Statutes § 31-71a (3). In interpreting the definition of "wages" courts have focused on whether the benefit conferred was granted as "compensation for labor or services rendered." See, e.g. Fulco v. Norwich Roman CatholicDiocesan Corp., supra, 27 Conn. App. 804 ("[T]he definition of wages is limited to remuneration for labor or services rendered, and does not include vacation pay, which is compensation for loss of wages."); Emerickv. Kuhn, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 460869 (August 7, 1996, Fineberg, J.) (17 Conn.L.Rptr. 460, 462-63), aff'd, 52 Conn. App. 724, 737 A.2d 456, cert. denied,249 Conn. 929, 738 A.2d 653, cert. denied, ___ U.S. ___, 120 S.Ct. 500,145 L.Ed.2d 386 (1999) (furlough payments are not wages" because they are not compensation for work); Justin v. AMA Ltd., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293360 (June 10, 1993,Lager, J.) (severance pay is not "wages" because it is not compensation for work). Courts have interpreted the definition of "wages" to include stock options; Okon v. Medical Marketing Group, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306032 (August 18, 1994, Pittman, J.); and bonuses; Cook v. Alexander Alexander ofConnecticut, Inc., 40 Conn. Sup. 246, 248, 488 A.2d 1295 (1985). CT Page 10673
The plaintiff has alleged that the transfer was additional compensation. In considering the motion to strike in a light most favorable to the plaintiff; see Sherwood v. Danbury Hospital, supra,252 Conn. 212-13; Cook v. Alexander Alexander of Connecticut, Inc., supra, 40 Conn. Sup. 248; the agreement to transfer may be considered wages under the definition of General Statutes § 31-71a (3). The defendant's motion to strike count five is denied.
 IV
The defendant moves to strike count eight, sounding in quantum meruit, on the ground that quantum meruit is not appropriate in an action on an express contract. The plaintiff has not objected to the defendant's motion as to count eight.
"Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties, and that, therefore, the plaintiff is entitled to the reasonable value of services rendered." (Internal quotation marks omitted.) BillerAssociates v. Peterken, 58 Conn. App. 8, 16, ___ A.2d ___ (2000). "[Q]uantum meruit [is a form] of the equitable remedy of restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties." (Internal quotation marks omitted.) Biller Associates v. Route156 Realty Co., 52 Conn. App. 18, 30, 725 A.2d 398 (1999), aff'd,252 Conn. 400, 746 A.2d 785 (2000). "[P]arties who have entered into controlling express contracts are bound by such contracts to the exclusion of inconsistent implied contract obligations." (Internal quotation marks omitted.) Rosick v. Equipment Maintenance Service,Inc., 33 Conn. App. 25, 37, 632 A.2d 1134 (1993).
The plaintiff alleges in count eight that the defendant offered to employ the plaintiff; (complaint, p. 1, ¶ 2); that the defendant promised to transfer to the plaintiff a 5 percent equity interest in Industrial Development Group as additional compensation; (complaint, p. 4, ¶ 4); and that the plaintiff did, in fact, work for the defendant; (complaint, p. 5, ¶ 6). These allegations amount to an express contract; therefore, a claim of quantum meruit is inappropriate. The defendant's motion to strike count eight is granted.
So ordered.
BY THE COURT,
PETER EMMETT WIESE, JUDGE CT Page 10674