[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
According to the allegations of the pleadings, the defendant is a former employee of the plaintiff. The action was originally brought by the plaintiff as an action on a note. The defendant filed a counterclaim in four counts: the first alleges breach of contract, the second claims recovery for wages and benefits pursuant to § 31-72 of the General Statutes, the third alleges negligent misrepresentation on the part of the plaintiff, and the fourth claims bad faith in the performance of a contract. The plaintiff has moved to strike counts two, three and four on the ground that they do not sufficiently allege grounds on which relief may be granted.
A motion to strike tests the legal sufficiency of a pleading. Ferrymanv. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. It admits all well pleaded facts, and the court must construe facts alleged in a pleading in the manner most favorable to the nonmoving party. Rowev. Godou, 209 Conn. 273, 278 (1988); Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). If facts provable under a complaint, together with reasonable inferences drawn in a light most favorable to the nonmoving party, would support a cause of action, the motion to strike must be denied. Waters v. Autuori, 236 Conn. 820, 825-26
(1996).
The plaintiff's motion to strike first addresses the sufficiency of the second count of the counterclaim, which claims recovery pursuant to § 31-72 of the General Statutes. This section[1] provides for the double recovery of unpaid compensation due to employees. The plaintiff asserts that § 31-72 does not apply to actions to enforce provisions regarding severance pay and refers to cases such as ABC Office Equipmentv. Royal Consumer Business Products, 721 F. Sup. 1557, 1559 (D.Conn. 1989), for the proposition that § 31-72 pertains to earned wages, as a general proposition, rather that to severance pay, which may be granted on termination to ease the hardship of the termination process.
The defendant, on the other hand, refers to authority which distinguishes between, for lack of a better word, pure severance pay and pay which, though payable at termination, is determined by past performance. "In ABC Office Equipment, Inc. v. Royal Consumer BusinessProducts, Inc., 721 F. Sup. 1557, 1559 (D.Conn. 1989), the court held that a severance allowance was not compensation for services rendered CT Page 3488 because it was "a bonus with no relation to any service rendered by [the employee]. . . ." (Emphasis added). In Cook v. Alexander Alexander ofConn., Inc., 40 Conn. Sup. 246 (1985, Aaronson, J.), the court held that additional compensation through bonuses based on a management by objective approach, where the plaintiff was entitled to a bonus for achieving production goal set by his employer, were within the meaning of wages under Conn. Gen. Stat. 31-72." Pelton v. Olin Corporation,1991 Ct. Sup. 6189 (Ryan, J., 1991).
Both parties have appended to their pleadings copies of relevant employment documents. Although there of course are limits to what sorts of factual documents may be considered in the resolution of a motion to strike, I have examined the documents so appended. Section 13(b) of the employment contract refers, inter alia, to prorated accrued bonuses and the value of earned equity interest. Although I am making no finding of fact in the course of this resolution of a motion to strike, I have certainly found enough support in the pleadings for the proposition that the claimed remuneration was earned[2] at least to avoid the striking of the count. The motion to strike count two is denied.
The third count alleges false misrepresentation, in that the plaintiff negligently and falsely represented that certain items would be paid on termination of the agreement under certain conditions and that the defendant relied to his detriment on these representations. I find that the pleadings, though somewhat general, sufficiently state a cause of action. See, e.g., D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 217-18 (1987). The motion to strike the third count is denied.
Finally, the plaintiff has moved to strike the fourth count, which alleges a breach of the covenant of good faith and fair dealing. Although the plaintiff aptly argues that not every factual situation lends itself to claims of both breach of contract and breach of the covenant of good faith and fair dealing, there again is enough alleged to avoid the granting of a motion to strike. See Gupta v. New Britain GeneralHospital, 239 Conn. 574 (1996); McBean v. National Council onCompensation Insurance, Inc., 1997 WL 736938 (Hodgson, J., 1997).
The motion to strike is denied as to all counts.
Beach, J.