[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This complaint by a number of former employees against the defendant, Computer Sciences Corporation, consists of three counts claiming damages CT Page 3260 for a violation of General Statutes § 3171i (count one), wrongful discharge (count two) and breach of contract (count three). The plaintiffs allege that they were employed by the defendant prior to April of 1998, and on April 5, 1998, the defendant announced that it would pay eligible employees in the division additional compensation based upon each employees' performance. In the summer of 1999, the plaintiffs received a statement of participation indicating that each plaintiff earned $8000 of additional compensation for the fiscal year of 1999, as well as an additional $2000 for meeting the fiscal year budget of 1999 and another $2000 for the fiscal year of 2000. Payout would occur as follows: 25 percent in June of 2000; 25 percent in October of 2000; and 50 percent in January of 2001. On August 27, 1999, all of the relevant plaintiffs, and their demands for their bonuses were refused.
On November 14, 2001, the defendant filed this motion to strike the second count in which plaintiffs Leue, Bolles, Upton, Goodin and Cunningham claim unlawful termination because the public policy set forth in General Statutes § 31-58 was violated. Defendant claims the plaintiffs cannot maintain a claim of wrongful discharge against public policy if they have an otherwise available statutory remedy under the wage statutes. The plaintiffs argue in opposition that the wage statutes represent a public policy prohibiting employers from terminating employees to avoid paying wages or other compensation that would have accrued.
This Court is in agreement with the Superior Court cases that view the wage statutes as expressing a public policy against the withholding of wages earned. Accordingly, a plaintiff may plead a wrongful discharge claim by alleging that the plaintiff was discharged so as to avoid the payment of other compensation that, if vested, would have accrued. Cookv. Alexander Alexander of Connecticut. Inc., 40 Conn. Sup. 246, 248,488 A.2d 1295 (1985); see also Linkovich v. Heublein. Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 441529 (February 18, 1992, Goldberg, J.) (7 C.S.C.R. 362); Okon v.Medical Marketing Group. Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306032 (August 18, 1994, Pittman,J.). (12 Conn.L.Rptr. 228).
Motion to strike the second count is denied.
 _______________________ Wagner, J., TJR